IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THOMAS J. LOWERY,<br><br>       Plaintiff,<br><br>vs.<br><br>STATE OF UTAH; UTAH THIRD DISTRICT COURT; and LEON A. DEVER, in his official capacity as a Utah Third District Court Judge,<br><br>       Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:05-cv-00884-TC-PMW<br><br>Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court are (1) the State of Utah, Utah Third District Court, and Judge Leon A. Dever's (collectively, "Defendants") motion to dismiss Thomas J. Lowery's ("Plaintiff") amended complaint;[1] and (2) Plaintiff's motion for leave to amend his complaint for a second time.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court finds that oral argument would not be helpful or necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] Docket no. 41.

[2] Docket no. 48.

## I. Background

Plaintiff's amended complaint[3] in this case is based upon Judge Dever's dismissal of a civil suit filed by Plaintiff in state court. Judge Dever's dismissal of Plaintiff's case was subsequently affirmed on appeal. Plaintiff alleges that Judge Dever's dismissal of the case violated Plaintiff's civil rights and that Judge Dever's failure to accommodate Plaintiff's mental disabilities denied Plaintiff the opportunity to have meaningful access to state courts.

In a case prior to the instant case, and based on these same allegations, Plaintiff filed a civil suit in this court against Defendants. On November 29, 2004, District Judge Ted Stewart dismissed that case under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief could be granted. *See Lowery v. Dever*, No. 2:04-cv-00287-TS, docket no. 20 (D. Utah Nov. 29, 2004).

## II. Defendants' Motion to Dismiss

In their motion to dismiss, Defendants argue that all of Plaintiff's claims should be dismissed because they are barred by the doctrine of claim preclusion. In the Tenth Circuit, "'claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits.'" *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999)) (footnote omitted). "Put another way, the doctrine of claim preclusion prevents 'the parties or their privies from relitigating issues that were or could

---

[3] Docket no. 35.

have been raised in' an earlier action." *Id.* (quoting *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992)).

Plaintiff asserts that in addition to these three elements, claim preclusion requires the fourth element that the plaintiff must have been given a full and fair opportunity to litigate his claim. However, the Tenth Circuit has noted:

> Generally, Supreme Court precedent, Tenth Circuit precedent, and the majority of circuit courts note only three requirements in the initial determination of whether claim preclusion may apply. . . . Occasionally, however, reference is made to a "full and fair opportunity to litigate" as a requirement for claim preclusion. The three requirements referenced . . . , however, are in most circumstances all that are necessary for a principled application of the doctrine of claim preclusion. Consequently, the absence of a full and fair opportunity to litigate should be treated as an exception to the application of claim preclusion when the three referenced requirements are otherwise present.

*Yapp*, 186 F.3d at 1226 n.4 (citations omitted).

Even if the court applies all four elements, the test for claim preclusion is satisfied in this case. First, the prior case ended with a judgment on the merits. In that case, the court dismissed all of Plaintiff's claims under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief could be granted. *See Lowery v. Dever*, No. 2:04-cv-00287-TS, docket no. 20 (D. Utah Nov. 29, 2004). Despite Plaintiff's arguments to the contrary, this type of dismissal is a judgment on the merits of those claims. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").

Second, the parties to this case and the prior case are identical.  *See Lowery v. Dever*, No. 2:04-cv-00287-TS (D. Utah 2004).

Third, the identity of the cause of action is the same in this case and the prior case.  The factual allegations in this case and the prior case are nearly identical, and the basis for Plaintiff's claims in both cases is that Defendants denied him reasonable access to state courts.  After comparing the complaint in this case with the complaint in the prior case, the court has determined that Plaintiff's claims in this case either "'were or could have been raised in'" the prior case.  *Mitchell*, 218 F.3d at 1202 (citation omitted).

Finally, Plaintiff was given a full and fair opportunity to litigate his claims in the prior case.  The court carefully considered Plaintiff's complaint and concluded that it failed to state claims upon which relief could be granted.

For these reasons, all of Plaintiff's claims in this case are barred by the doctrine of claim preclusion.  Therefore, it is RECOMMENDED that Defendants' motion to dismiss[4] be GRANTED, and all of Plaintiff's claims in this case be dismissed, with prejudice.[5]

### III.  Plaintiff's Motion for Leave to Amend

Pursuant to rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); *see also Foman v. Davis*,

---

[4] Docket no. 41.

[5] Although Defendants advance additional arguments in support of their motion to dismiss, the court has determined that their argument concerning the doctrine of claim preclusion is the most relevant to and persuasive in this case.  Further, because Defendants' argument concerning claim preclusion is dispositive of all of Plaintiff's claims, the court does not need to address Defendants' other arguments.

371 U.S. 178, 182 (1962) (stating that the mandate of rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting Fed. R. Civ. P. 15(a)).  However, even under this liberal standard for amendment of pleadings, "'the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

After reviewing Plaintiff's proposed second amended complaint, which was attached to his motion for leave to amend, the court has determined that Plaintiff's proposed amendment does nothing to affect the court's foregoing analysis of the elements of claim preclusion.  Accordingly, even if Plaintiff were given leave to amend his complaint, it would still be subject to dismissal and, consequently, the amendment would be futile.  *See id*.  Therefore, it is RECOMMENDED that Plaintiff's motion for leave to amend his complaint for a second time[6] be DENIED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  The parties must file any objection to this Report and Recommendation within ten days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

---

[6] Docket no. 48.

DATED this 11th day of September, 2006.

                BY THE COURT:

                PAUL M. WARNER
                United States Magistrate Judge